UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CREDIT UNION LIQUIDITY        )
SERVICES, LLC f/k/a TEXANS    )
COMMERCIAL CAPITAL, LLC,      )
                              )    CIVIL ACTION NO.
        Plaintiff,            )
                              )    3:09-CV-0817-G
VS.                           )
                              )         **ECF**
COASTAL FEDERAL CREDIT UNION, )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

This court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary. *Torres v. Southern Peru Copper Corporation*, 113 F.3d 540, 542 (5th Cir. 1997). Diversity of citizenship is alleged as the basis for subject matter jurisdiction in this case. Plaintiff's Original Complaint ¶ 3. The plaintiff is alleged to be a limited liability company with its principal place of business in Texas. *Id.* ¶¶ 1, 4. The defendant is alleged to be "a North Carolina credit union with its principal place of business in North Carolina." *Id.*

Diversity of citizenship jurisdiction requires that the citizenship of the plaintiff must be different from the citizenship of the defendant. *Strawbridge v. Curtiss*, 7 U.S. 267(1806). Here, the defendant is a federal credit union. Although the Fifth Circuit has not yet addressed this issue, other courts have held that a federally chartered bank "is not considered to be a citizen of any particular state for the purpose of establishing diversity of citizenship." *Auriemma Consulting Group, Inc. v. Universal Savings Bank, F. A.*, 367 F. Supp. 2d 311, 313 (E.D. N.Y. 2005) (citing *Waldron v. Midway Enterprises, Inc. v. Coast Federal Bank*, 1992 WL 81724 *1 (E.D. N.Y. 1992); *Iceland Seafood Corporation v. National Consumer Cooperative Bank*, 285 F.Supp. 2d 719, 723 (E.D. Va. 2003)). Where one party is a national citizen, diversity of citizenship does not apply. *Id.* at 314. There is a limited exception to this general rule: where a corporation's activities are "localized" within a single state, "the corporation will be deemed a citizen of that state." *Id.* at 313; *Feuchtwanger v. Lake Hiawatha Credit Union*, 272 F.2d 453, 454-56 (3d Cir. 1959).

The court finds the reasoning in these cases persuasive. Before the court can determine whether the plaintiff's activities are localized to the state of North Carolina, however, it needs more information. Other courts have considered the following factors in determining whether the localization exception applies: "[1] the corporation's principal place of business, [2] the location of branch offices, [3] the volume of business transacted in different states, and [4] 'any other evidence that

tends to show the local or national nature of the corporation's plans and operations.'" *Auriemma*, 367 F.Supp.2d at 313 (quoting *Waldron*, 1992 WL 81724 at *1).  The facts alleged in the plaintiff's original complaint indicate that the defendant has transacted business with at least one entity that is not a North Carolina citizen.  The party seeking to invoke the court's jurisdiction "has the burden of proving the facts necessary to sustain jurisdiction." *Harvey Construction Company v. Robertson-CECO Corporation*, 10 F.3d 300, 303 (5th Cir. 1994).  Thus, within ten days, the plaintiff shall file an amended complaint alleging any and all facts relevant to the four factors listed above.  Failure to timely file and serve such an amended complaint will result in dismissal, without further notice, for lack of subject matter jurisdiction.

Even if the localization exception applies, there is another issue the plaintiff must address before the court can determine whether it has subject matter jurisdiction over this case.  Generally, the citizenship of artificial entities other than corporations is determined by the citizenship of their members.  See *Carden v. Arkoma Associates*, 494 U.S. 185, 185-86 (1990).  This rule applies to limited liability companies such as the plaintiff.  *E.g.*, *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir.), *cert. denied*, 549 U.S. 1047 (2006); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006).  Thus, the court must determine whether *all* the members of the plaintiff are diverse in

citizenship from the defendant. The amended complaint referred to above shall allege the names and citizenship of all the members/owners of the plaintiff.

**SO ORDERED**.

June 4, 2009.

_____
**A. JOE FISH**
**Senior United States District Judge**